**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TOMMY RAY ELPS, JR,
ADC #144914                                                                                            PLAINTIFF

V.                                       5:11CV00165 JLH/JTR

JACKIE LEWIS, Program Director,
Dermott Juvenille Treatment Facility, et al.                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Discussion

Plaintiff, Tommy Ray Elps, Jr., is a prisoner in the Varner Unit of the Arkansas Department of Correction ("ADC"). Plaintiff, Steven Donnelle Cody, is a prisoner in the Maximum Security Unit of the ADC. On June 28, 2011, Plaintiffs filed a single *pro se* § 1983 Complaint alleging that, on August 23, 2008, Defendants used

excessive force against them while they were confined in the Dermott Juvenile Treatment Facility. *See* docket entry #2. Interestingly, both Plaintiffs signed the Complaint – *under penalty of perjury* – although ADC rules prevent prisoners in separate units from corresponding by mail. *Id.* at 8. A file marked copy of the Complaint was mailed to both Plaintiffs.

On July 7, 2011, Plaintiff Elps filed a "Motion to Voluntarily Dismiss Plaintiff Elps." *See* docket entry #6. In that Motion, he explained that he did not sign the Complaint, and that "somebody" filed the lawsuit on his behalf, without his knowledge or permission. *See* docket entry #6. A filed marked copy of the Motion was mailed to *both* Plaintiffs. *Id.*

On July 11, 2011, the Court dismissed Plaintiff Cody from this action, pursuant to the three-strikes rule set forth in 28 U.S.C. § 1915(g). *See* docket entry #7.

On July 12, 2011, the Court received a "Motion to Voluntarily Not Dismiss Plaintiff Elps." *See* docket entry #9. This Motion is a photocopy of Elps' July 7, 2011 Voluntary Motion to Dismiss, with various handwritten alterations aimed at making it appear that Plaintiff Elps has now changed his mind about dismissing his Complaint. *Id.* For example, the file mark and the docket number at the top of the pleading have been scratched out; someone has written the words "not dismiss" on the pleading; Elps' statement that his Complaint was signed by "somebody" else has been

scratched out; and the date has been changed to July 9, 2011. *Id.* The only signature on this Motion is Elps' photocopied signature from his original Voluntary Motion to Dismiss. *Id.* Finally, and most importantly, the hand altered Motion "Not" to Dismiss arrived in an envelope bearing *Plaintiff Cody's* name and return address, and it was stamped as having been mailed from the Maximum Security Unit. *Id.*

Based on these facts, it is clear that the hand altered Motion "Not" to Dismiss was filed by Defendant Cody, <u>not</u> Defendant Elps. Federal Rule of Civil Procedure 11(a) and Local Rule 5.5(c) provide that Motions may only be filed by the *pro se* litigant, himself, or a licensed attorney.

Thus, the Motion to Withdraw should be denied, as improperly filed, and Plaintiff Elps' Motion to Voluntarily Dismiss should be granted. *See* Fed. R. Civ. 41(a)(1)(A)(i) (providing that a: "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The Motion to Withdraw (docket entry #9) be DENIED, as improperly filed.

2. Plaintiff Elps' Motion to Voluntarily Dismiss (docket entry #6) be

GRANTED, and this case be DISMISSED, WITHOUT PREJUDICE.

3.  Plaintiff Elps' Application to Proceed *In Forma Pauperis* (docket entry #1) and his Motion for Appointment of Counsel (docket entry #4) be DISMISSED, AS MOOT.

4.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 20th day of July, 2011.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE